**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA NEIL HARRELL, | No. 16-16782 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00470-KJM-EFB |
| v. | |
| STATE OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Joshua Neil Harrell appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Harrell's action because Harrell failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a claim under 42 U.S.C. § 1983); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official capacity suit is to be treated as a suit against the governmental entity and "a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation[;] the entity's policy or custom must have played a part in the violation of federal law" (citations and internal quotation marks)); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**